

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00360-CV

## IN RE SUSANNE CLAIRE WORKMAN

## Original Proceeding

## DISSENTING OPINION

In this original proceeding, the Relator complains that the trial court took jurisdiction of the children, who are the subject of a proceeding out of Ohio and whose "home state" is currently Colorado, and rendered temporary orders. The Relator's primary complaint focuses on the lack of evidence required for a trial court to assert emergency temporary jurisdiction.

It is undisputed that at the time this proceeding was filed Colorado was the "home state" of the two children which are the subject of this proceeding. The parents were divorced in Ohio. The mother was awarded decision-making authority regarding where the children would live. The children have lived with their mother in Colorado for approximately three years prior to the events that gave rise to this proceeding. Those events began on June 1, 2010 when the father went to Colorado and picked up

the children and all their belongings. Four weeks later the legal proceedings, wrangling, and posturing began. Now we have this mandamus proceeding. We requested a response. The Court denies the petition for writ of mandamus. I would conditionally grant the petition.

The statute and case authority regarding temporary emergency jurisdiction is clear. A trial court may only assert temporary emergency jurisdiction under Texas Family Code section 152.204 in extraordinary circumstances. The statute provides:

> A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

TEX. FAM. CODE § 152.204(a). Further, if an order is rendered under this subsection of the Family Code, the section also provides that

> any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under Sections 152.201 through 152.203.

TEX. FAM. CODE § 152.204(c). The order rendered by the trial court does not specify the period the trial court considers adequate. Such a failure will allow this proceeding in Texas to languish for an unknown period of time before Colorado may assert its rightful control over this proceeding. At the very least, the trial court should be compelled to render a proper order under the statute under which it asserts jurisdiction so that the outside time limit that this proceeding will be pending in Texas is established.

But I contend that the trial court lacks jurisdiction because on the undisputed facts of the case, the evidence does not meet the level necessary for the trial court to

obtain jurisdiction under the relevant statute. I believe this is because the trial court was improperly influenced by the testimony that the parties may have agreed to a more or less permanent change of homes for the children. Evidence of such an agreement, which may be compelling evidence for the Colorado Court to consider when considering a change in circumstances justifying a new custodian with the authority to designate the home of the children, has no place in a hearing to determine whether the trial court in Texas has Temporary Emergency Jurisdiction.

The testimony relevant to the issue was summarized on re-cross and re-direct examination of the father, the Texas resident, as follows:

RE-CROSS

Q. So, in other words, you were going to get a TRO even if she had gotten here on Saturday, correct?
A. That's correct.
Q. Just because you thought they're better off here?
A. I did.
Q. But no particular danger of any kind of physical violence, correct?
A. No.
Q. No reason at all to think Susanne would physically harm them?
A. No.
Q. No reason to think that Susanne would deprive them of food or anything like that. You're not saying that, are you?
A. No. I have never conten – made any of those contentions.
Q. Okay. And you're not saying that she is a child abuser or anything like that, correct?
A. No.
Q. And so you're not suggesting or you're not testifying at all or expressing any kind of opinion that Susanne would have abused these two boys, correct?
A. Define abuse. You want to leave a child alone all day for 12 hours without his brother or anything that he owns?
MR. DAVIS: Object to nonresponsive.
THE COURT: Overruled.

Q. (By Mr. Davis) All right. So – well, do you think that she would have abused them?

A. Physically, no.

Q. Okay. You think that she would have mistreated them?

A. No.

* * *

FURTHER REDIRECT EXAMINATION

Q. Okay. Do you think, in your opinion, is there a danger of them not coming back if she's allowed to take them?

A. I – I would think so, yes. You know, based on what has occurred here, I don't think that – that I would be able to get them back without spending a whole lot more money and going back to court.

Q. Okay. Now, as far as the conditions that – that were in Colorado, whenever you came up there to get them, the living conditions, can you tell the Court what condition the house was in?

A. Oh, the house was a complete mess, filthy, cluttered. The kids' rooms were disgusting. It was obvious that she had not, you know, forced them to clean up after themselves. You know, they didn't – they didn't have clean laundry.

Q. What – what time did you arrive over there?

A. It was about lunchtime.

Q. Okay. And where was Ms. Workman whenever you – or where was your ex-wife when you came up there?

A. She was home in bed whenever I arrived. The children got her up when I got there.

Q. Okay, and it's your condition – contention that based on your previous conversations with your wife – or your ex-wife, that she leaves the kids home during the day?

A. She does.

Q. Okay. Leaves them to fend for themselves for food?

A. That's correct.

Q. Do you know of anybody that watches them?

A. No.

Q. Okay. So they're a 14-year-old and 12-year-old?

A. That's correct. I know for a fact they don't have any adult supervision when she's not there because I speak with them on the phone regularly.

Q. Okay. So you don't get a day-care provider or –

A. No.

Q. – you know, babysitter or anything like that?

A. No.

Q. So do you think that a 14-year-old and a 12-year-old you should be left alone all day?

A. No.

Q. And at your residence, your house, you have a 17-year-old you said?

A. We do.

Q. And she stays with them all day?

A. She does.

There was testimony that either approximately eight or nine months, or as much as three years earlier, one of the boys had ridden a bus to another town when he was nine years old. There was no testimony of any harm having come to the child or of the father taking any action to seek custody as a result. There was also evidence that the mother was attending college, completing her bachelor's degree and working nights during the time period the boys were in Colorado and that the mother had recently graduated, had changed jobs, and was no longer working at night. There was some uncertainty surrounding the new job and its travel requirements but nothing to suggest an immediate or impending danger to the boys as a result.

There is no question that the children had not been abandoned in Texas. The question I am left with then is: What is the evidence that exercise of Temporary Emergency Jurisdiction is necessary in an emergency in order to protect the child because the child, or a sibling, is subjected to or threatened with mistreatment or abuse? Having found no such evidence in the record before me, I would conditionally grant the

writ of mandamus, thus requiring the trial court to dismiss the emergency proceeding initiated in Texas. Because the Court does not, I respectfully dissent.[1]


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed December 8, 2010

---

[1] Because of my disposition of the first issue, it would be unnecessary to reach the remaining issues.